**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| KATHRYN A. MCCLURE,<br><br>Plaintiff,<br><br>v.<br><br>TATE AND KIRLIN ASSOCIATES, INC,<br><br>Defendant. | Case No.   2:19-cv-00714<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**NOW COMES**, KATHRYN A. MCCLURE ('Plaintiff'), through her counsel, WAJDA LAW GROUP, APC, complaining as to the conduct of TATE AND KIRLIN ASSOCIATES, INC, ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, Plaintiff resides in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant's principle office is located at 580 Middletown Blvd., Suite 240, Langhorne, Pennsylvania 93065.

7. Defendant is a collection agency whose primary purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principle purpose of collecting defaulted consumer debts from consumers, including consumers in the State of California.

## FACTS SUPPORTING CAUSE OF ACTION

8. On December 28, 2018, Defendant sent Plaintiff a debt collection letter related to a debt allegedly owed to Check N' Go in the amount of $2,862.16 ("subject debt"). *See* Exhibit A, a true and correct copy of the December 28, 2018 collection letter.

9. The subject debt was for personal goods and services.

10. Upon information and belief, Defendant acquired the right to collect the subject debt

2

sometime after Plaintiff defaulted on the subject debt.

11. Included in the collection letter is a portion that reads: "Our client has authorized us to offer a discount for 75% of your balance or $2,146.62 to satisfy this account. (Saving you $715.54)."

12. Defendant's collection letter is misleading and confusing.

13. Defendant attempts to mislead Plaintiff into believing that by accepting the 75% discount she would be only saving $715.54, and thus paying $2,146.62 on the subject debt. In reality, by offering the 75% discount on the balance owed, Plaintiff should only be paying $715.54

14. Defendant intentionally orchestrated its collection letter to be misleading and confuse Plaintiff, an unsophisticated consumer, in thinking that by accepting the 75% discount she is only saving $715.54 when she should actually be saving $2,146.62.

### DAMAGES

15. Defendant's unfair conduct has severely disrupted Plaintiff's daily life and general well-being.

16. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unconscionable and misleading conduct.

17. Defendant's unfair conduct has caused Plaintiff actual harm, including but not limited to, emotional distress and anxiety.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect

delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. Defendant violated §1692e in the portion of its collection letter which outlined "75% discount" in reference to the amount that would be saved on the subject debt. By accepting the 75% discount Plaintiff would be saving $2,146.16. Instead, Defendant's letter attempts to mislead Plaintiff to believe that by accepting the 75% discount she is only saving $715.54.

28. Defendant violated §1692e(10) for using false and deceptive collection tactics in order to collect the subject debt. Plaintiff, an unsophisticated consumer, was deceptively led to believe that by accepting the 75% discount she is only saving $715.54 when she should actually be saving $2,146.62.

29. Defendant uses such misleading and deceptive language in order to induce Plaintiff to make a payment on the subject debt for more than the discount that is being offered.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or

unconscionable means to collect or attempt to collect any debt."

31. Defendant violated 15 U.S.C. §1692f through its references to "75% discount." Defendant unfairly used such language in order to induce Plaintiff into making a payment on the subject debt in an amount greater than Defendant's discounted offer.

32. The carefully crafted language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay on a debt because they are lead to believe that they are getting the actual discount offered in Defendant's collection letter when in reality, Defendant is not offering 75% discount.

33. As plead above, Plaintiff was severely harmed by Defendant's unfair conduct.

**WHEREFORE**, Plaintiff KATHRYN A. MCCLURE respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Enjoing Defendant from sending this collection letter to Plaintiff and others similarly situated.
  c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

36. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

5

### a. Violation of Cal. Civ. Code § 1788.13

38. Defendant violated § 1788.13(j) through its references in the portion of its collection letter which outlined "75% discount" in reference to the amount that would be saved on the subject debt. By accepting the 75% discount Plaintiff would be saving $2,146.16. Instead, Defendant's letter attempts to mislead Plaintiff to believe that by accepting the 75% discount she is only saving $715.54.

39. Defendant only made such a deceptive communication in order to put Plaintiff in a state of confusion and pay more than what Defendant is actually offering to discount.

**WHEREFORE**, Plaintiff KATHRYN A. MCCLURE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as the Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| Date: January 30, 2019 | Respectfully submitted, |
| | By: */s/ Nicholas M. Wajda* |
| | Nicholas M. Wajda<br>**WAJDA LAW GROUP, APC**<br>11400 West Olympic Boulevard<br>Suite 200M<br>Los Angeles, California 90064<br>Telephone: 310-997-0471<br>Facsimile: 866-286-8433<br>E-mail: nick@wajdalawgroup.com |